IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MOLLY GRIFFIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-737-TFM |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed this lawsuit to review a final judgment by Defendant Michael Astrue, Commissioner of Social Security, in which he determined that Griffin is not "disabled" and therefore, not entitled to disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act.  42 U.S.C. §§ 401 *et seq.*; 42 U.S.C. §§ 1381 *et seq.*  Her application was denied at the initial administrative level. Griffin then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing the ALJ also denied the claim.  On May 22, 2009, the Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On August 4, 2009, Griffin, through her counsel, filed a complaint in this court challenging the Commissioner's decision.  (Doc. 1).  On November 4, 2009, the defendant file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which asserted that Griffin's

complaint was not timely filed. (Doc. 12). On November 5, 2009, Griffin filed a response asserting her complaint was filed within 60 days of her receipt of the letter from the Appeals Council. (Doc. 14). On November 16, 2009, Griffin filed a second response which again asserted her complaint was filed within 60 days of receiving the Appeals Council determination. Griffin further asserted that the circumstances of her case beg for equity.

Now pending before the Court is Defendant's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)* (Doc. 12, filed Nov. 4, 2009). Upon review of the defendant's motion, Griffin's responses, and the attached affidavits, the court concludes that the defendant's motion to dismiss is due to be granted.[1]

## DISCUSSION

Title 42 U.S.C. § 405(g) permits judicial review of administrative decisions issued by the Social Security Administration "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The Commissioner has filed a motion to dismiss alleging that Griffin failed to file her complaint in a timely manner. The Commissioner argues that this case is due to be dismissed because Griffin failed to file her complaint within 60 days after the date she presumably received notice from the Appeals Council that her request for review of the ALJ's decision was denied. In support of his position, the Commissioner relies on the

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).

Appeals Council's denial of Griffin's request for review dated May 22, 2009. In that letter, the Appeals Council advised Griffin to file her complaint in the United States District Court for the judicial district in which she lives within sixty days from the date of her receipt of the letter. The Commissioner informed Griffin that he would assume that she "received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Doc. 12-2, at 16). The letter continues to explain that if an applicant cannot file for court review within 60 days, a written request presenting a good reason for an extension of time to file may be submitted to the Appeals Council. Presuming that she received the Appeals Council's notice five days after May 22, 2009, the Commissioner argues Griffin should have filed her complaint on or before July 26, 2009.[2]

Griffin argues that her representative, Attorney Micki Beth Stiller, did not receive the Appeals Council's letter until June 9, 2009. Sixty days from receipt on this date would permit a timely filing of this action up to August 9, 2009. Griffin therefore contends that her filing on August 4, 2009, is timely. Counsel has provided a copy of the letter received in her office on June 9, 2009, and cannot explain her receipt of the letter two weeks after it was dated. (Doc. 14, at 3). Counsel offers as a possible explanation that the letter may not have been mailed on May 22, 2009, stating she cannot "control how long a piece of correspondence may sit at the Appeals Council before it is mailed. . . ." (Doc. 16, at 3). An affidavit submitted by Earnest Baskerville, Chief of Court Case Preparation and Review,

---

[2] The filing deadline calculated by the Commissioner fell on a Sunday. The Court would extend Griffin's time to file under the terms of the Appeals Council's letter to Monday, July 27, 2009.

Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration (encompassing the Appeals Council), avers that the Appeals Council's letter was sent to Griffin at her home address, with a copy to her representative, on May 22, 2009. Thus, the defendant has adequately refuted the possibility of a tardy mailing.[3]

In this circuit, the sixty day time period prescribed by 42 U.S.C. § 405(g) is not jurisdictional, but is rather a statute of limitations, and therefore subject to equitable tolling in certain circumstances. In *Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007), the Eleventh Circuit held that equitable tolling was available to Social Security plaintiffs who justified untimely filings by showing extraordinary circumstances, including those "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her. . . ." *Jackson* at 1253, quoting *Waller v. Commissioner*, 168 Fed.Appx. 919, 922 (11th Cir. 2006). The Court examined decisions from other circuits and found other criteria such as cases "where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way." *Jackson, id.*, quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2nd Cir. 2005).

Griffin acknowledges that she cannot demonstrate the extraordinary circumstances

---

[3] Though Baskerville's affidavit specifically stated that a separate copy of the letter was mailed directly to Griffin at her home address, the Court has no information as to when that letter was received. (Doc. 12-2, at 3).

required for equitable tolling under *Jackson*, but argues that her case is nonetheless deserving of equity. The Court cannot agree with Griffin when it considers that the facts in *Jackson* did not merit the benefits of equity in the view of the Eleventh Circuit. *Jackson* presented a *pro se* plaintiff who initially filed her complaint in state court instead of the federal district court as instructed by the letter from the Appeals Council. The Eleventh Circuit was unpersuaded by the plaintiff's arguments that her error was the result of her inexperience with the law, or that she was misled into believing she had successfully filed her complaint for judicial review because of the state court's failure to immediately recognize her filing error.

Here, counsel has long been a skilled practitioner in many Social Security cases before this Court, and acknowledges that Griffin's case does not present any extraordinary circumstances recognized under *Jackson*. Counsel did not pursue an alternative strategy to insure a timely filing by requesting a "good cause" extension of the filing period, as instructed in the Appeals Council's letter. There are simply no grounds for equitable tolling of the statute of limitations set forth in Title 42 U.S.C. § 405(g). Thus, the Court concludes that Griffin's complaint was not timely filed and the defendant's motion to dismiss is due to be granted.

## CONCLUSION

Accordingly, it is

ORDERED that the defendant's motion to dismiss (Doc. 12) be and is hereby **GRANTED** and that this case be and is hereby DISMISSED with prejudice.

Done this 20th day of November, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE